# IN THE MATTER OF RECEIVERSHIP OF IOWA AND MINNESOTA CONSTRUCTION COMPANY.

### (*United States Circuit Court, District of Iowa.*)

1. REMOVAL—CAUSE CANNOT BE REMOVED BEFORE SERVICE OF PROCESS OR APPEARANCE. The mere filing of a petition or bill without the issuing of process or service of notice of any kind, and where there is no appearance, does not constitute a *suit*, which may be removed from a state to a federal court.

On motion to remand.

The Iowa and Minnesota Construction Company is a corporation existing under the laws of Iowa.

On the 2nd day of February, 1875, one L. Schoonover filed his petition in the circuit court of Jones county, Iowa, alleging that he had previously, as trustee for Stacey & Walworth, obtained judgment against said corporation for $3,759.57, which remained unpaid; that the capital stock of said corporation was

$100,000, and had been subscribed by certain persons, who were named, and that said capital stock had not been paid in to a greater extent than twenty per cent. of the amount subscribed. It was further alleged that said corporation was insolvent, and that the petitioner could find no property or assets to satisfy the aforesaid judgment.

Thereupon the petitioner prayed to be appointed receiver of said corporation, with authority to take possession of the books and papers thereof, and to levy a sufficient assessment upon the stockholders to liquidate the liabilities of the company. By an order of the judge, endorsed upon the petition, the same was set down for hearing on the 1st day of the March term, 1875, of the circuit court of Jones county, upon notice to be given to each stockholder and others interested, by publication in a newspaper, and by mailing a copy to the reputed postoffice address of each stockholder.

There is due proof of the publication and mailing of notices, as required by the order of the judge, and on the 2nd day of March, no one appearing for the stockholders, default was entered against them, and a decree rendered appointing the said Schoonover as receiver, and fixing his bond at $5,000.

Afterwards several assessments upon the stockholders were ordered by the court, or by the judge in vacation, for the payment of debts of the company, and several reports were made by the receiver and passed upon by the court, from some of which it appears that he had instituted suits against several of the stockholders, including F. E. Hinckley, A. B. Cox, J. Jameson and George Boone.

These proceedings were carried on in the Jones county circuit court without appearance on the part of the stockholders, until the 3rd of November, 1879, when George Boone, John M. Whittaker and Frances E. Hinckley filed their intervening petition, therein alleging that they are stockholders; that certain claims against the company are fraudulent, denying notice of the proceedings, besides numerous other allegations, which need not be repeated here. By said petition, they pray an accounting, and that the orders for assessment upon the capital stock be set aside, as well as the order appointing Schoonover as receiver. Upon the filing of the intervening petition in vacation, and without notice to anyone other than that which is afforded by the

filing of the same, a petition and bond in due form were filed in the clerk's office of the state court for the removal of the cause to this court.   The receiver now appears here and moves to remand.

McCRARY, Circuit Judge.

As the case stood prior to the filing of the petition of intervention (which is in substance a bill of review), it was not removable under the act of March 3, 1875, because the time for removal had passed.

The case had been pending in the state court over three years. The statute requires that the petition for removal shall be filed "before or at the term at which said cause could be first tried and before the trial thereof."   (Sec. 3, Act of March 3, 1875.)

If the cause is removable, it must be upon the ground that the petition of intervention, or bill of review, above named, is a suit within the meaning of the act.   The language of the law is, "That any suit of a civil nature, at law or in equity, now pending, or hereafter brought in any state court," etc., may be removed. The sole question here is, whether the mere filing of a petition under the state practice in a court of the state, without the issuing or service of notice or process of any *kind*, constitutes a suit within the meaning of the act.   I am clearly of the opinion that it does not   Upon general principles, I should say, without hesitation, that process is essential to the institution of a suit. In the very nature of the case, it must be necessary to bring the party defendant into court before any step can be taken to change the forum, or for any other purpose affecting his rights.

The reasons for this rule are too manifest to require statement here; but it is also clear that the suit must exist in the state court, according to the state law, before it is a suit removable under the act of Congress.   It must be a suit in which a judgment or decree could be rendered in that court, or some action taken affecting the rights of parties.

In other words, it must be a suit "commenced" in the state court, within the meaning of the state law.

How, then, are suits to be commenced under that law?   By Sec. 2599 of the Code of Iowa, 1873, it is provided, that "actions in a court of record shall be commenced by serving the defendant with a notice, signed by the plaintiff or his attorney, in-

forming the defendant of the name of the plaintiff, and that on or before a date therein named a petition will be filed," etc.

The term "action," under the statute of Iowa, is identical with the word "suit" in the act of Congress.

This step, or some other equivalent to it, must be taken before a suit is pending, for the purposes of the removal act, unless, indeed, service be waived by a voluntary appearance.

The motion to remand is sustained.

*Miller & Godfrey*, for the motion.

*George W. Kretzinger, contra.*

---

# Judicial Decisions Construing the Civil Code.

### SECTION 3—Continued.

25. *Suit upon warehouse bond.* The bond of the proprietor of a tobacco warehouse, binding him to collect and pay over all moneys arising from sales to the owner, where the warehouseman fails so to pay the money, may be proceeded upon in the name of the owner, though the bond is executed to the commonwealth.—*Lane* v. *Casey*, 1 Metcalfe (Ky.), 411.

26. *Equitable title—legal owner necessary party.* Where the plaintiff has only an equitable right to the note sued on, the legal title not having been transferred to him, the payee is a necessary party to the action.—*Gill* v. *Johnson*, 1 Met., 449.

27. *But equitable owner must sue.* An action for the recovery of a debt not assignable by statute must be brought in the name of the equitable owner as plaintiff. The assignor is also a necessary party, either as plaintiff or defendant. A petition by the assignor as plaintiff, suing, as the caption and body of the petition (complaint) recite, *for the use of* the equitable owner, is insufficient. The latter does not thereby become a party to the action.—*Lytle* v. *Lytle*, 2 Met., 127.

27. *Party for whose benefit a contract is evidently made* may sue in his own name, although the engagement be not directly to or with him. - *Allen* v. *Thomas*, 3 Met., 198.

28. *Petition (complaint), stating action to be for benefit of another, makes him party.* One for whose use and benefit, it is stated in the petition (complaint), the action is brought, is thereby virtually made a party to the action, and may, by an amendment, assume the attitude of plaintiff. —*Fenwick* v. *Phillips*, 2 Met., 87.

30. *Who is the real party in interest.* A plaintiff who has an absolute right to the money due on a note, and to receive and appropriate it to his own use when received, is the real party in interest, although the payee of the note may be interested in the event of the suit, in such wise, that if the note be not collected, he will not receive anything as its price, or by reason of his indorsement and sale of it.—*Cummings* v. *Morris*, 3 Bosw., 560.